# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JAMES D. SMITH,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　Case No. 4:19cv114-MW/CAS

DAYS INN,
WYNDHAM INTER.,
and MR. PATEL,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983, and a motion requesting in forma pauperis status, ECF No. 3. Because Plaintiff has demonstrated that he lacks the resources to pay this fee, Plaintiff's motion is granted. Plaintiff is not required to pay the filing fee for this case.

As best can be determined, Plaintiff's complaint alleges that he was staying at a Days Inn at sometime in November 2017. ECF No. 1 at 4. Plaintiff reports that his property was stolen "by Defendants." *Id.* at 4, 5. Plaintiff provides no facts clarifying which of the three Defendants did so.

Nevertheless, Plaintiff also contends that he was a federal witness on August 14, 1989, and he contends that he was "hurt by construction on property." *Id.* at 5. He claims that Defendant Patel and Wyndom did not have a building permit in violation of Florida law. *Id.* Plaintiff suffered an injury which required staples, and he has a permanent scar on his forehead. *Id.* It appears that Plaintiff contends his injury amounts to tampering with a witness. *Id.* at 6.

Title 28, United States Code, Section 1915(e) provides that a United States District Court may dismiss a case filed in forma pauperis, if the action is frivolous or malicious. Among the cases which may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) are those "based on an indisputably meritless legal theory," and "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). In the case at issue, Plaintiff's allegations fall within the class of cases recognized in Neitzke. The claims are unintelligible and reveal no constitutional violation.

Even if Plaintiff had suffered a violation of his constitutional rights, these Defendants cannot be held liable because they are not "state actors" and took no action "under color of state law." To state a claim under

§ 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must allege both that his rights were violated and that the violation "occurred under color of state law." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Plaintiff has not met either requirement.

It would serve no useful purpose to permit Plaintiff leave to amend the complaint. Plaintiff cannot articulate a civil rights claim against these Defendants. Dismissal prior to service is appropriate.

Accordingly, it is **ORDERED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **GRANTED** and the Clerk of Court file Plaintiff's complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is therefore respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous and this case be closed.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2019.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**